No. 3311.—STATE ex rel. A. DE MONASTERIO v. ALFRED SHAW, Administrator, et als

Act No. 5 of extra session of 1870, approved March sixteenth, 1870, which prohibits the remedy by mandamus against the city of New Orleans and the officers thereof, applies with equal force and effect against any creditor or pretended creditor who seeks by mandamus to compel the administrators of the floating debt of the city to approve all claims without examination which may be presented to such committee to be audited and approved.

The administrators of the floating debt being invested by virtue of their powers as such board with a discretion, to either allow or disallow such claims, cannot be compelled by mandamus to allow any particular claim, although it may have been warranted for by one of the corporations now consolidated with and included in the corporation of New Orleans.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. Lea, Finney & Miller*, for relators. *George S. Lacey*, City Attorney, and *Hornor & Benedict*, for defendants and appellants.

WYLY, J. This is an application for a mandamus on the Mayor, the Administrator of Accounts, and the Administrator of Finance of the city of New Orleans, to direct the Administrator of Accounts to prepare and include in the statement of matured obligations of the city of New Orleans, existing the sixteenth March, 1870, the sum of $2930, due to relator as holder of certain warrants; to attest the said statement; to furnish the same as attested and approved by the Mayor and Administrator of Finance of New Orleans to the Administrator of the Floating Debt, and directing said Mayor and Administrator of Finance to approve said statement.

The official acts thus sought by relator to be performed by respondents, are said to be imposed upon them by section 40 of the act of the Legislature of sixteenth March, 1870 (session acts 1870, p. 46), and are intended to place in possession of relator a certificate from the Administrator of the Floating Debt, by which relator would be enabled to

obtain from the city of New Orleans the said sum of $2930 which he alleges to be due to him.

The defendants excepted to the form of proceeding on the ground that under act No. 5 of the extra session of 1870, the writ of mandamus can not legally issue against them for the purpose stated in the petition, and because the duty required of them under section 40 of act No. 7 of the extra session of 1870 is not purely ministerial, but in furnishing "a full and correct statement of all the mature obligations of the city," and in attesting the same as required by the statute, the defendants are invested with some discretion as to the validity of the claims or obligations so to be attested by them, and that the writ of mandamus will not lie to compel them to perform a duty involving discretion to be exercised by them.

The court gave judgment for the relator rendering the mandamus peremptory, and the defendants have appealed.

The debt for which the relator seeks the summary remedy of mandamus, consists of seven warrants issued by the police jury, parish of Orleans, right bank, for the aggregate amount of $2930. The authority for the proceeding is claimed to be in section 40 of act No. 7, extra session of 1870, and is as follows:

"That the Administrator of the Floating Debt of the city of New Orleans and the corporations consolidated by this act, shall be furnished with a full and correct statement of all the mature obligations of the city at the date of the passage of this act, to wit: Of all final judgments, warrants, registered certificates and unredeemed city notes, used as currency, which have been issued by said cities and police jury, as consolidated by this act; that said statement shall be prepared by the Administrator of Public Accounts of the city, and by him attested under oath, and shall be further approved by the Mayor and the Administrator of Finance, and it is hereby made the duty of the Administrator of the Floating Debt of the city of New Orleans, as constituted by this act, to issue to all holders of the evidences of the debts included in said statement a certificate for the amount of their respective debts, which certificate shall obligate the said Administrator of the Floating Debt to pay to the holder or his order, out of the bonds or the proceeds thereof which may be placed with said Administrator for such purpose, the full amount expressed in said certificate, with seven per cent. interest from the date of the issue thereof."

This act was approved on the sixteenth day of March, 1870.

The act which defendants contend prohibits the remedy by mandamus sought in this case, is act No. 5, extra session of 1870, which was approved seventeenth day of March, 1870, one day later than the act to which we have referred. Its title is "An act to limit and

restrict the power of courts to issue orders or writs of mandamus and *fieri facias* against the city of New Orleans and the officers thereof, and to declare the effect and prescribe the mode of satisfying judgments for money against the city of New Orleans."

Section first provides "that from and after the passage of this act, no court within the State shall have authority or jurisdiction to allow, order, hear, entertain or enforce any summary process or proceeding or writ or order of mandamus, either against the Controller, Deputy Controller, or *any auditing officer*, to issue and deliver any order or warrant for payment of money, or against the Treasurer, Assistant Treasurer, or any officer or officers charged with the disbursement of the moneys of the city of New Orleans, the object of which shall be, either directly or indirectly, to enforce the payment of money claimed to be due from the city of New Orleans to any person, persons, corporation or corporations whatsoever, but all actions or proceedings for the recovery of any sum of money claimed to be owing by the city of New Orleans shall be in the ordinary form of action, instituted against the city of New Orleans as a corporation, and not against any branch, department or officer thereof, and shall in all respects be conducted in the same manner as ordinary actions."

This statute, fairly interpreted, we think, prohibits the remedy of mandamus sought by the relator in this case. This is a proceeding directly or indirectly for the recovery of a sum of money claimed to be owing the relator by the city of New Orleans; that is undoubtedly the ultimate if not the immediate object of the suit. This object can not be accomplished by employing the writ of mandamus, because the law commands that "all actions or proceedings for the recovery of any sum of money claimed to be owing by the city of New Orleans shall be in the ordinary form of action, instituted against the city of New Orleans as a corporation, and not against any branch, department or officer thereof, and shall in all respects be conducted in the same manner as ordinary actions."

If the relator had included in his proceeding the Administrator of the Floating Debt, undoubtedly the suit would be against the auditing and disbursing officers of the city directly for the object of enforcing payment of money claimed to be due to him as holder of the warrants of the police jury, which warrants the defendants contend are not valid debts against the city.

Stripped of its verbiage, we apprehend the meaning of the statute to be, that neither the auditing nor disbursing officers of the city shall be proceeded against summarily or by the writ of mandamus in a suit, "the object of which shall be, either directly or indirectly, to enforce the payment of money claimed to be due from the city of New Orleans to any person, persons, corporation or corporations whatsoever," but

that all such suits shall be in the ordinary form of action against the city as a corporation and not against its several officers.

Considering the evil which existed, the remedy prescribed and the object of the law makers, rules which should govern this court in ascertaining the meaning of the statute, we think the interpretation given is a fair one, and that it conveys the true meaning of the law.

The evil was the embarrassment in the administration of the city government, resulting from the use of the writ of *fieri facias* against the corporation, and also the embarrassment resulting from the use of summary proceedings against the auditing and disbursing officers of the city by its creditors for the purpose of enforcing the payment of their claims for money.

The object of the law makers was to remedy the existing evil by providing a more suitable mode for enforcing judgments against the city, and also by requiring that all suits against the city, "the object of which shall be, either directly or indirectly, to enforce the payment of money," to be brought in the ordinary form, and to prohibit the use of mandamus in such cases.

But the relator contends that if act No. 5 prohibits the writ of mandamus, it is superseded by section 40 of act No. 7, which gives that remedy, because the latter is part of a subsequent statute.

We do not find that section 40 of act No. 7 gives the remedy of mandamus; and if it did, it would be repugnant to act No. 5, which was approved on the seventeenth day of March, 1870, one day later than act No. 7. In case of confliction act No. 5 would govern.

But we do not see any conflict between the two statutes. Section 40 of act No. 7 may have full force and effect, and yet the relator may be prohibited, under act No. 5, to employ the writ of mandamus in his suit, the object of which is directly or indirectly to recover the money which he alleges the city owes him as holder of the police jury warrants.

If it be true that the warrants held by the relator are false and fraudulent, and were improperly issued, as the defendants aver, they are not valid liabilities of the city, and ought not to be included in the "full and correct statement of all the mature obligations of the city," which the statute requires the Administrator of Accounts to furnish, attested under oath, and which "shall be further approved by the Mayor and the Administrator of Finance."

If the relator's version of section 40 of act No. 7, that the writ of mandamus is authorized by it, be true, the city of New Orleans would be powerless to resist the collection of false, fraudulent or forged warrants produced against it. If such claims can be forced by mandamus into the "statement of all the mature obligations of the city," that statement itself would cease to be "a full and correct statement" of its mature obligations.

It is not to be presumed that an interpretation leading to such disastrous consequences ought to be given to section 40 of act No. 7, an act itself to recharter the city, when that section is susceptible of a more enlightened and rational interpretation.

We believe that the "statement of all the mature obligations of the city" to be furnished and attested under oath by the Administrator of Accounts, and to be "further approved by the Mayor and Administrator of Finance," should embrace all warrants, certificates and other claims that these officers believe to be valid and binding upon the city.

This part of section 40 can not fairly be interpreted to mean, that it is the duty of· these officers to attest under oath and approve of claims that are false and fraudulent, and which they believe are not justly owing by the city.

If all the warrants and other claims, whether just or not, are to be embraced in the "statement of mature obligations," what necessity is there for the solemn attestation of the Administrator of Accounts and for the "further approval of the Mayor and Administrator of Finance?"

We are far from believing that the law makers intended this as a mere idle ceremony. On the contrary, it seems to us to be a wise precaution to guard against the payment of false or forged warrants and other unjust claims.

Believing that these officers of the city are invested with reasonable discretion in furnishing the "full and correct statement of all the mature obligations of the city," which they are to attest under oath and approve, we think the writ of mandamus does not lie to compel them to embrace in the statement a claim which they do not believe to be valid and obligatory.

It is therefore ordered that the judgment appealed from be annulled, that the mandamus herein be disallowed, and that the petition of the relator be dismissed, with costs of both courts.

Rehearing refused.